UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| BRIAN KERRY O'KEEFE,<br><br>　　　　Petitioner,<br><br>vs.<br><br>ROBERT LEGRAND et al.,<br><br>　　　　Respondents. | 3:14-cv-00477-RCJ-VPC<br><br>**ORDER** |

　　　Petitioner Brian O'Keefe is a prisoner in the custody of the State of Nevada pursuant to conviction in a court of that state. In 2011, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this District based upon his argument that his impending retrial would violate the Double Jeopardy Clause of the Fifth Amendment. Judge Mahan dismissed that petition without prejudice for failure to exhaust state remedies, and the Court of Appeals dismissed the appeal as moot when Petitioner was retried before the appeal could be heard, noting that the relief sought (an injunction against the impending retrial) had become unobtainable and that Petitioner would have to litigate any claims of error at the retrial through the state and then federal courts.

　　　Petitioner was convicted at his retrial, and the Nevada Supreme Court has denied his direct appeal. Petitioner filed the present § 2254 habeas corpus Petition, and the Court dismissed it, as amended, for failure to exhaust state remedies, noting that Petitioner wrote in his Amended Petition that he had been convicted on August 28, 2014.

Petitioner has asked the Court to reconsider, noting that he in fact was convicted at his retrial on August 28, *2012*, and that he mistakenly wrote "2014" in the Amended Petition. The Court accepts this explanation, but it does not change the result. Petitioner was convicted on August 28, 2012, and his direct appeal was denied on April 10, 2013 in Case No. 61631. However, Petitioner has not plausibly alleged exhaustion of state remedies, and the public records of the Nevada Supreme Court indicate that he has not exhausted his state remedies. Petitioner claims he filed for post-conviction relief on January 27, 2014, and that his appeal was denied on July 23, 2014. But the Amended Petition and the record of Case No. 65217 in the Nevada Supreme Court make clear that Petitioner filed no petition for post-conviction relief under Chapter 34 of the Nevada Revised Statutes ("NRS"), but only a motion to correct his sentence under NRS section 176.555, which is probably why the case is classified as "Criminal Appeal" as opposed to "Post-Conviction Relief" in the docket of the Nevada Supreme Court. That is not a claim of exhaustion of state remedies. There is no evidence or claim that Petitioner has exhausted his Chapter 34 remedies.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 19) and the Motion for a Certificate of Appealability (ECF No. 17) are DENIED.

IT IS SO ORDERED.
Dated this 30th day of April, 2015.

_____
ROBERT C. JONES
United States District Judge