UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRIAN KERRY O'KEEFE,

Petitioner,

v.

ROBERT L. LEGRAND, et al.,

Respondents.

Case No. 3:14-cv-00477-RCJ-VPC

ORDER

This habeas matter comes before the court on respondents' motion to dismiss certain claims in petitioner Brian Kerry O'Keefe's *pro se* second-amended petition (ECF No. 56). O'Keefe opposed (ECF No. 79), and respondents replied (ECF No. 91).

I. **Procedural History and Background**

O'Keefe was tried in Nevada state court three times on charges of murder with use of a deadly weapon. The first jury convicted him of second-degree murder, and the judgment of conviction was entered on May 8, 2009 (exhibit 60).[1] On April 7, 2010, the Nevada Supreme Court reversed O'Keefe's conviction and remanded for a new trial because "the district court abused its discretion when it instructed the jury that second-degree murder includes involuntary killings that occur in the commission of an unlawful act because the State's charging document did not allege that O'Keefe killed the victim while he was committing an unlawful act and the evidence at trial did not support this theory of second-degree murder." Exh. 80.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 56, and are found at ECF Nos. 57-70, 76.

1

On August 19, 2010, a second-amended information was filed, charging O'Keefe with murder in the second degree with use of a deadly weapon. Exh. 120. The jury deadlocked, and the court declared a mistrial. Exhs. 135, 135. Pursuant to a third trial, the jury convicted O'Keefe on June 15, 2012. Exh. 207. The state district court sentenced him to a term of 120 to 300 months, with a consecutive term of 8 to 20 years for the deadly weapon enhancement. Exhs. 211, 212. Judgment of conviction was entered on September 5, 2012. Exh. 217.

The Nevada Supreme Court affirmed O'Keefe's conviction on April 10, 2013. Exh. 233. A petition for certiorari with the United States Supreme Court was denied on October 15, 2013. Exh. 244.

O'Keefe filed a motion to modify and/or correct illegal sentence on January 27, 2014. Exh. 255. The Nevada Supreme Court affirmed the denial of that motion on July 23, 2014. Exh. 289. O'Keefe filed a state postconviction habeas corpus petition and a counseled, supplemental state petition. Exhs. 308, 337. The Nevada Supreme Court affirmed the denial of the petition as procedurally barred on June 22, 2016. Exh. 427. Remittitur issued on December 16, 2016. Exh. 447.

O'Keefe dispatched his federal habeas petition for filing on or about September 15, 2014 (ECF No. 1-1). On February 1, 2017, this court granted petitioner's motion to withdraw counsel and proceed *pro se* (ECF No. 49). O'Keefe filed a *pro se* second-amended petition; respondents now argue that some claims in the second-amended petition do not relate back to any timely-filed earlier petition and that some grounds are unexhausted or noncognizable in federal habeas (ECF No. 56).

II.   **Legal Standards & Analysis**

    a.  **Relation Back**

Respondents argue that several grounds in the second-amended petition do not relate back to a timely-filed petition and should thus be dismissed as untimely (ECF No. 56). The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. §

2

2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

Respondents state in their motion to dismiss that 104 days of the one-year limitations period had expired when O'Keefe filed this federal habeas action (ECF No. 56, p. 9. The Ninth Circuit vacated this court's dismissal of the petition on July 27, 2016, and the order on mandate issued on August 23, 2016 (ECF Nos. 30, 32). On November 3, 2016, O'Keefe commenced filing motions to withdraw counsel and proceed *pro se* and for leave to file an amended petition (*see, e.g.*, ECF Nos. 33, 42). On February 1, 2017, this court granted O'Keefe leave to file an amended petition within 90 days, and O'Keefe filed his second-amended petition March 15, 2017 (ECF Nos. 49, 50). In light of the procedural posture of this case, O'Keefe is entitled to equitable tolling of the statute of limitations until the filing of the second-amended petition. *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority) (a petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing"). Respondents argument that the claims in the second-amended petition must relate back to the first-amended petition is, therefore, unavailing.

### b. Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> 
> (A) The applicant has exhausted the remedies available in the court so the State; or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

3

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).

4

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 1**

O'Keefe asserts that his Fifth and Fourteenth Amendment rights to due process, equal protection, and a fair trial were violated because the "trial court failed to stay trial despite notice of writ order" (ECF No. 50, p. 17). O'Keefe appears to claim here that the state district court erred by failing to postpone his state trial when he had a pending issue in federal court regarding a double jeopardy violation.

This ground was exhausted as a Fifth and Fourteenth Amendment due process and fair trial claim only; the equal protection claim is unexhausted. *See* exh. 228, p. 13.

**Ground 3**

O'Keefe contends that his Fifth and Fourteenth Amendment rights to be free from double jeopardy were violated because the state courts ruled contrary to *Schad v. Arizona*, 501 U.S. 624 (1991) and because "when the Nevada Supreme Court stated that the 'evidence presented at trial did not support this theory of second degree murder,' jeopardy terminated" (ECF No. 50, pp. 43-50).

Respondents are correct that O'Keefe did not present a claim based on *Schad v. Arizona* to the Nevada Supreme Court. *See* exh. 228, pp. 7-11. Accordingly, that portion of ground 3 is unexhausted. O'Keefe did, however, present the claim that the state district court violated his rights against double jeopardy when he was tried a third

5

time after the Nevada Supreme Court reversed his conviction stating that "the evidence presented at trial did not support this theory of second-degree murder." *Id.*

### c. Claims Cognizable in Federal Habeas Corpus

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

**Grounds 2 & 5**

O'Keefe argues in ground 2 that his Fifth and Fourteenth Amendment rights to due process, equal protection, and a fair trial were violated because the trial court conducted a trial without subject matter jurisdiction (ECF No. 50, p. 30). In ground 5 he alleges that his First, Fifth, Sixth, and Fourteenth Amendment rights to "law of the case, access to the court actual innocence" were violated. *Id*. at 62. He claims that he is innocent and has "legally been declared acquitted," but the State re-tried him on the "same and only theory." *Id*.

Respondents argue that these grounds are unexhausted and noncognizable (ECF No. 56, pp. 15-17, 19). First, this court notes that O'Keefe's statement that he was acquitted misrepresents the state proceedings. On his appeal from his first trial, the Nevada Supreme Court reversed and remanded for a new trial. Exh. 80. Moreover, this court views grounds 2 and 5 as either subsumed within or duplicative of his double jeopardy claim set forth in ground 3. Grounds 2 and 5 are, therefore, dismissed.

### III. Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the court finds that the portion of ground 1 that alleges an equal protection claim and the portion of ground 3 that claims a violation of petitioner's rights pursuant to *Shad v. Arizona* are unexhausted. Grounds 2 and 5 are dismissed as duplicative. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

> 1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

Finally, O'Keefe has filed a motion for bail pending appeal (ECF No. 54). However, this court has not granted his petition. Therefore, O'Keefe's case is not on appeal. The motion is denied.

**IV.     Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 56) is **GRANTED** in part as follows:

The portion of ground 1 that alleges an equal protection claim and the portion of ground 3 that claims a violation of petitioner's rights pursuant to *Shad v. Arizona* are **UNEXHAUSTED**.

Grounds 2 and 5 are **DISMISSED** as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to

exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file the motion to dismiss (ECF No. 51) and motion to extend time to file the reply in support of the motion (ECF No. 83) are both **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** that petitioner's two motions to strike respondents' motions for extension of time (ECF Nos. 52 and 87) are both **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to strike any response to the second-amended petition by respondents as untimely (ECF No. 73) and amended motion to strike (ECF No. 75) are both **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for bail pending appeal (ECF No. 54), motion for copies (ECF No. 74), and emergency motion (ECF No. 103) are all both **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to voluntarily withdraw motion to extend copywork limit (ECF No. 88) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to extend copywork limit (ECF No. 82) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that petitioner's motion for summary judgment (ECF No. 94) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to strike petitioner's "urgent motion of notice" (ECF No. 100) is **GRANTED**. The Clerk **SHALL STRIKE** petitioner's notice – urgent motion of notice to the court that new attorney for respondent manifests intention to violate court's order (ECF No. 99).

DATED: 27 March 2018.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE