# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

BRYAN KERRY O'KEEFE,

Petitioner,

v.

BRIAN E. WILLIAMS, et al.,

Respondents.

Case No. 3:14-cv-00477-RCJ-CLB

ORDER

This court denied Nevada state prisoner Bryan Kerry O'Keefe's habeas corpus petition on the merits in October 2019, and judgment was entered (ECF Nos. 131, 132). O'Keefe appealed, and the Ninth Circuit Court of Appeals denied a certificate of appealability (ECF Nos. 133, 136, 137). O'Keefe then filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in this court (ECF No. 138). Respondents opposed, and O'Keefe replied (ECF Nos. 141, 142). The motion is denied.

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1).

Rule 60(b) applies in habeas corpus proceedings only to the extent that it is not inconsistent with the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Habeas corpus petitioners cannot "utilize a Rule 60(b) motion to make an end-run around the requirements of

1

AEDPA" or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions. *Calderon v. Thompson*, 523 U.S. 538, 547 (1998); *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir.2011) (per curiam) ("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254.").

AEDPA generally limits a petitioner to one federal habeas corpus motion and precludes "second or successive" habeas corpus petitions unless the petitioner meets certain narrow requirements. *See* 28 U.S.C. § 2244(b). The statute provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered facts that show a high probability of actual innocence. *Id*. § 2244(b)(2)(A)-(B); *see also Gonzalez*, 545 U.S. at 529–30.

In *Gonzalez*, the Court held that a legitimate Rule 60(b) motion in a habeas action "attacks ... some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bas[e]s for relief from a state court's judgment of conviction." 545 U.S. at 530, 532.

Here, O'Keefe argues that the court should reconsider six issues: (1) *Martinez* established an equitable rule; (2) a question regarding *Schad v. Arizona*; (3) Nevada improperly issued remittitur after direct appeal; (4) a defaulted claim relates back; (5) Rule 60(b) is an equitable rule to prevent miscarriage of justice; and (6) "The 'rule of law' protects double jeopardy claims considered sui generis" (ECF No. 138, p. 2). O'Keefe does not attack the integrity of the federal habeas proceedings; he asks for a second chance to have the merits of his petition determined favorably. Thus, this filing is not a Rule 60(b) motion but instead is a second or successive habeas corpus petition,

which is proscribed under AEDPA. 28 U.S.C. § 2244(b).[1] [2] Therefore, O'Keefe's motion is denied.

Finally, respondents filed a motion to be relieved from responding to future pro se pleadings unless a response is directed by the court (ECF No. 143). Respondents point out that O'Keefe has filed myriad pro se pleadings in this case, many of which they argue are of "questionable validity" (*id*. at 2), including a motion for bail pending appeal (ECF No. 54); motion to strike any response to second amended petition based on untimely motion for extension of time (ECF No. 73); motion for summary judgment (ECF No. 94); emergency motion alleging fraud (ECF No. 103); requests for judicial notice pursuant to the Federal Rules of Evidence (ECF Nos. 104, 110); "emergency motions" (ECF Nos. 111, 113); and a motion for counsel at evidentiary hearing (ECF No. 120). Respondents are correct that this order denying the motion for reconsideration ends the proceedings in this habeas matter. Accordingly, respondents' motion is granted. Respondents need not respond to further pro se filings by O'Keefe unless otherwise directed by the court.

**IT IS THEREFORE ORDERED** that petitioner's motion pursuant to FRCP 60(b) (ECF No. 138) is **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

---

[1] Petitioner would have to obtain authorization from the court of appeals before he could proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

[2] O'Keefe appears to also argue that the Ninth Circuit's decision in *Bynoe v. Baca* expanded the application Rule 60(b) in habeas matters. *See* 3:07-cv-0009-LRH-VPC, ECF No. 74. However, the petitioner in *Bynoe* sought reconsideration due to the Ninth Circuit's clarification in *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) that district courts could stay and abey entirely unexhausted habeas petitions. Prior to the *Mena* decision, the district court had denied Bynoe's request for a stay and dismissed his wholly unexhausted petition. The court notes that O'Keefe does not argue that the court should reconsider its order denying his petition due to a subsequent change in or clarification of the law.

**IT IS FURTHER ORDERED** that respondents' motion to relieve respondents from responding to future pro se pleadings in this case (ECF No. 143) is **GRANTED** as set forth in this order.

DATED: 29 April 2021.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE