UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN KERRY O'KEEFE, | Case No. 3:14-cv-00477-RCJ-CLB |
| Petitioner | **Order** |
| v. | |
| BRIAN E. WILLIAMS, et al., | |
| Respondents. | |

## I.     Introduction

This court denied Brian Kerry O'Keefe's habeas corpus petition on October 16, 2019, and judgment was entered. (ECF Nos. 131, 132.) O'Keefe appealed, and the Ninth Circuit Court of Appeals denied a certificate of appealability. (ECF Nos. 133, 136, 137.) O'Keefe moved for relief from judgment under Fed. R. Civ. P. 60(b) on October 7, 2020. (ECF No. 138.) This court denied the motion and granted the respondents' request that they be relieved from responding to O'Keefe's future pleadings unless a response was directed by this court. (ECF No. 146.)

O'Keefe has again moved for relief from judgment under Fed. R. Civ. P. 60(b). (ECF Nos. 148, 149.) O'Keefe alleges that a new rule of constitutional law, *Borden v. United States*, 141 S.Ct. 1817 (2021), applies retroactively and relates back to Grounds 3, 4, and 5 of his federal habeas petition. (ECF No. 149 at 1.)

## II.    Background

Grounds 3, 4, and 5 of O'Keefe's petition alleged, respectively, that his right to be free from double jeopardy was violated, the state district court improperly denied his proposed malignant heart jury instruction, and he was actually innocent. (ECF No. 50 at 43, 56-57, 62.) This

court dismissed Ground 5 because it was "either subsumed within or duplicative of his double jeopardy claim set forth in ground 3." (ECF No. 106 at 6.) This court then determined that Grounds 3 and 4 lacked merit, respectively, because the State was not prohibited from retrying O'Keefe after his conviction was reversed due to a trial error and Jury Instruction No. 5, which was used over O'Keefe's proposed jury instruction, was proper. (ECF No. 131 at 15-16, 23.)

O'Keefe was convicted of second-degree murder with the use of a deadly weapon for stabbing and killing Victoria Whitmarsh. (ECF Nos. 61, 63-29, 76-7.) O'Keefe explains that he was convicted of second-degree murder because he acted recklessly, but the United States Supreme Court clarified in *Borden* that a violent felony cannot be predicated on mere reckless conduct. (ECF No. 149 at 3, 7.) Rather, O'Keefe would have had to have acted with a deliberate choice to harm to be convicted of second-degree murder. (*Id.* at 7.) However, O'Keefe argues that he lacked this requisite intent because he was too intoxicated at the time of the killing. (*Id.* at 10.)

**III.    Discussion**

Fed. R. Civ. P. 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Fed. R. Civ. P. 60(b) applies in habeas corpus proceedings only to the extent that it is not inconsistent with the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). AEDPA generally precludes "second or successive habeas corpus applications" unless the petitioner meets certain narrow requirements. *See* 28 U.S.C. § 2244(b).

In *Gonzalez*, the Supreme Court held that a legitimate Fed. R. Civ. P. 60(b) motion in a habeas action "attacks . . . some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined

as "asserted federal bas[e]s for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530, 532. This court is not convinced that O'Keefe's motion is a legitimate Fed. R. Civ. P. 60(b) motion; instead, it appears, pursuant to *Gonzalez*, to be a second or successive habeas corpus petition, which is proscribed under AEDPA. *See id.* at 532 (explaining that a Fed. R. Civ. P. 60(b) "motion based on a purported change in the substantive law governing the claim . . . would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar").

And even if O'Keefe's motion was a legitimate Fed. R. Civ. P. 60(b)(6) motion, O'Keefe would have to demonstrate that the change in the law discussed in *Borden* rises to the level of "extraordinary circumstances" justifying relief. *Gonzalez*, 545 U.S. at 535. In *Borden*, the United States Supreme Court held that a reckless offense cannot qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which mandates a 15-year sentence for persons found guilty of illegally possessing a gun who have three or more prior convictions for a "violent felony." 141 S.Ct. at 1821-22. *Borden* in not applicable here.

### IV.  Conclusion

IT IS THEREFORE ORDERED that the motion for relief from judgment [ECF No. 148] and amended motion for relief from judgment [ECF No. 149] are DENIED.

IT IS FURTHER ORDERED that, because reasonable jurists would not find this decision to be debatable or wrong, a certificate of appealability is DENIED.

DATED: January 14, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE