# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRIAN KERRY O'KEEFE,

    Petitioner

v.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 3:14-cv-00477-RCJ-CLB

**Order**

    This court denied Brian Kerry O'Keefe's habeas corpus petition on October 16, 2019, and judgment was entered. (ECF Nos. 131, 132.) O'Keefe appealed, and the Ninth Circuit Court of Appeals denied a certificate of appealability. (ECF Nos. 133, 136, 137.) O'Keefe moved for relief from the judgment under Fed. R. Civ. P. 60(b) on October 7, 2020. (ECF No. 138.) This court denied the motion. (ECF No. 146.) O'Keefe again moved for relief from the judgment under Fed. R. Civ. P. 60(b) on August 30, 2021. (ECF Nos. 148, 149.) This court denied the motion on January 14, 2022. (ECF No. 151.) O'Keefe now moves (1) to alter or amend this court's January 14, 2022, order, and (2) for a default judgment under Fed. R. Civ. P. 55(a) because the respondents failed to respond to his motion to alter or amend this court's order. (ECF Nos. 152, 153.)

    First, regarding the latter motion, on April 29, 2021, this court granted the respondents' motion to be relieved from responding to O'Keefe's pleadings unless a response is directed by this court. (ECF No. 146 at 3-4.) This court did not direct a response to O'Keefe's motion to alter or amend this court's January 14, 2022, order. As such, O'Keefe's motion for a default judgment is denied.

Second, regarding the former motion, O'Keefe argues that this court should reconsider its January 14, 2022, order in light of *Borden v. United States* or, at least, grant a certificate of appealability. (ECF No. 152 at 8.) As a reminder, O'Keefe previously alleged that a new rule of constitutional law was established in *Borden*, which applies retroactively and relates back to grounds 3, 4, and 5 of his petition. (ECF No. 149 at 1.) This court was not convinced that O'Keefe's motion was a legitimate Fed. R. Civ. P. 60(b) motion; instead, it appeared to be a second or successive habeas corpus petition, which is proscribed under AEDPA. And even if O'Keefe's motion was a legitimate Fed. R. Civ. P. 60(b)(6) motion, O'Keefe failed to demonstrate that *Borden* was applicable. *See Borden v. United States*, 141 S.Ct. 1817, 1821-22 (2021) (holding that a reckless offense cannot qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)). This court declines to reconsider its January 14, 2022, order, or grant a certificate of appealability.

IT IS THEREFORE ORDERED that the motion to alter or amend a judgment [ECF No. 152] and motion for default judgment [ECF No. 153] are DENIED.

IT IS FURTHER ORDERED that, because reasonable jurists would not find this decision to be debatable or wrong, a certificate of appealability is DENIED.

DATED: May 9, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE